IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JOHN-PIERRE BANEY | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2473-D |
| | § | |
| ERIC HOLDER, JR., Attorney | § | |
| General of the United States, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by John-Pierre Baney, a cook supervisor at FCI Seagoville and a military veteran, against U.S. Attorney General Eric Holder, Jr. and at least 40 other defendants. On December 7, 2010, plaintiff tendered a one-page complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on January 14, 2011. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his vague allegations, plaintiff appears to claim that he was retaliated against by his employer for filing administrative complaints and initiating legal proceedings alleging discrimination in the workplace.[1] His complaint reads in full:

> Retaliation of prior EEOC cases.
> Retaliation of prior USERRA Act cases.
> Retaliation of prior Whistleblower cases.
> The Servicemembers' Civil Relief Act.
> Retaliation of prior Merit Systems Protection Board cases.
> Discrimination in Agency Cases No P2006-009; race, sex, age, and reprisal.

(Plf. Compl. at 1). In response to an interrogatory asking for the underlying facts made the basis of his claims, plaintiff answered:

> I was disparately treated on the basis of on race (Caucasian) when in 2009 during a MPSB Hearing the Supervisor refused to let me switch with a Food Service staff, so I could take care of my wife with cancer. He had force me to use all my sick leave and my annual leave. That staff member will testify as a witness. My former Food Service Manager will also testify that two Wardens and two Associate Wardens had order him to destroy me or get rid of me. The Agency has retaliate for prior EEOC cases, retaliate for prior USERRA Act cases, retaliate for prior Whistleblower cases, retaliate for prior MSPB cases, retaliate for prior Civil cases.

(*See* Mag. J. Interrog. #1(b)). When asked to provide specific facts showing that he was retaliated against in violation of federal law, plaintiff responded, "The fact will show I was retaliated against." (*See* Mag. J. Interrog. #3(b)). Although plaintiff names at least 40 individuals who allegedly discriminated and retaliated against him over the past eight years, he fails to identify any act of

---

[1] According to plaintiff, he has been involved in three cases before the U.S. Supreme Court, one case before the Fifth Circuit Court of Appeals, three civil court cases, 12 cases before the Federal Circuit Court of Appeals, 25 MSPB cases, 25 unfair labor practice charges, three EEO class action lawsuits, and 15 EEO cases. (*See* Mag. J. Interrog. #1(f)). Court records show that plaintiff has filed three other cases in this district since 2006. All three cases were dismissed either for lack of subject matter jurisdiction or for failure to state a claim. See *Baney v. Gonzales*, No. 3-06-CV-2064-L, 2010 WL 1541456 (N.D. Tex. Apr. 16, 2010); *Baney v. Dept. of Homeland Security*, No. 3-07-CV-0044-P (N.D. Tex. Jul. 17, 2007); *Baney v. Dept. of Justice*, No. 3-07-CV-0922-P (N.D. Tex. Dec. 11, 2007).

wrongdoing by any specific individual. (*See* Mag. J. Interrog. #1(d)). Plaintiff also was unable to specify the dates of any of these alleged retaliatory acts. (*See* Mag. J. Interrog. #1(e)). By this suit, plaintiff seeks more than $750,000 in damages, together with 1,316 hours of accrued annual leave and sick leave that was taken away from him. (*See* Mag. J. Interrog. #2).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, his complaint and interrogatory answers are a "'hodgepodge of incoherent ramblings' that have no discernable basis in fact or law." *See Crenshaw v. Transicare, Inc.*, No. 3-10-CV-1861-O-BD, 2010 WL 5387619 at *2 (N.D. Tex. Dec. 6, 2010), *rec. adopted*, 2010 WL 5209305 (N.D. Tex. Dec. 17, 2010), *quoting Malveaux v. Brice, Linden, Vander & Wernick, P.C.*, No. 3-10-CV-0128-L, op. at 2 (N.D. Tex. Jun. 29, 2010). Although the court propounded written interrogatories in an attempt to obtain additional information about the factual basis of this suit, plaintiff has failed to provide meaningful interrogatory answers. The only "fact" alleged by plaintiff anywhere in his pleadings is that he was not allowed to change his work schedule so he could care for his sick wife. (*See* Mag. J. Interrog. #1(b)). However, that factual allegation, standing alone, does not give rise to a claim for retaliation under federal law. Plaintiff alleges no facts to establish a discriminatory or retaliatory motive on the part of any defendant. Instead, plaintiff merely alleges that "[t]he fact will show I was retaliated against." (*See* Mag. J. Interrog. #3(b)). This conclusory allegation is insufficient to state a claim upon which relief can be granted. *See Buerger v. Southwestern Bell Tel. Co.*, 982 F.Supp. 1247, 1251 (E.D. Tex. 1997) (dismissing Title VII retaliation claim against employer where plaintiff failed to allege any facts to support such a claim).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 21, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE